**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:25-CV-00244-CHL**

**LARRY H.,[1]** **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,** **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Complaint filed by Plaintiff, Larry H. ("Claimant"). Claimant seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) Claimant and the Commissioner each filed a brief and/or Fact and Law Summary. (DNs 18, 19, 22.) Claimant did not file a reply, and his time to do so has expired. (DN 11.) The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 10.) Therefore, this matter is ripe for review.

For the reasons set forth below, the final decision of the Commissioner is **REVERSED**, and this matter is **REMANDED**, pursuant to sentence four of 42 § U.S.C. 405(g), to the Commissioner to conduct additional proceedings to remedy the herein identified defects in the original proceedings.

## I. BACKGROUND

On September 24, 2021, Claimant applied for disability insurance benefits under Title II ("DIB"). (R. at 11, 104-05, 111-12, 211-17.) His application alleged disability beginning on October 10, 2020, due to problems with his knees, neck, and shoulders; rheumatoid arthritis;

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.

diabetes; neuropathy; chronic obstructive pulmonary disorder; headaches; atrial fibrillation; right shoulder surgery; and right knee surgery. (*Id.* at 11, 104-05, 111-12, 235.) He subsequently amended his onset date to February 9, 2021, the day after a previous denial of a separate claim for benefits. (*Id.* at 11, 52-53.) Claimant's application was denied initially and again on reconsideration. (*Id.* at 123-27, 129-32.)

At Claimant's request, Administrative Law Judge ("ALJ") George L. Evans, III ("the ALJ") conducted a hearing on Claimant's application on November 29, 2023. (*Id.* at 49-75, 133-34.) Claimant attended the hearing by telephone with his non-attorney representative, and an impartial vocational expert also participated in the hearing. (*Id.* at 51, 204.) During the hearing, Claimant testified to the following. He recently completed a six-month-inpatient-rehab program and was currently residing in a sober living facility. (*Id.* at 53-54.) He had been sober over fifteen months as of the date of the hearing. (*Id.* at 59.) He does not drink alcohol and was trying to quit smoking. (*Id.* at 55, 58.) He does not have a driver's license and hasn't driven since 2004. (*Id.* at 57.) He had right shoulder surgery in February 2017, but when he reaches overhead, he still feels something grinding in his right shoulder. (*Id.* at 63, 65.) His diabetes prevents him from standing or walking for long periods of time, and he experiences burning and numbness in his hands and feet. (*Id.* at 64, 67.) He takes insulin and is trying to get his blood sugar levels regulated. (*Id.* at 67.) He experiences atrial fibrillation. (*Id.* at 64.) He gets muscle spasms in his neck all the time. (*Id.* at 65.) He takes medication to help him sleep due to PTSD from getting jumped by a street gang. (*Id.* at 63, 65.) He can only do chores for around five minutes before he has to sit down and rest for fifteen to twenty minutes. (*Id.* at 67-68.) He experiences dizzy spells from time to time. (*Id.* at 68.)

The ALJ issued an unfavorable decision on January 12, 2024. (*Id.* at 8-27.) Applying the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled, the ALJ made the following findings. First, the Claimant had not engaged in substantial gainful activity since his February 9, 2021, amended onset date. (*Id.* at 13.) Second, Claimant had the following severe impairments: diabetes, degenerative arthritis of cervical spine, atrial fibrillation, status post right shoulder arthroscopy, status post right leg fracture with fusion, chronic obstructive pulmonary disease, and substance abuse in early remission. (*Id.*) Third, Claimant did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.* at 14.) Fourth, Claimant had the residual functional capacity ("RFC") to perform light work with the following exceptions:

> [H]e can occasionally balance, stoop, and squat. He can occasionally push and/or pull with the dominant, right upper extremity but should not operate foot controls with the bilateral lower extremities. He should avoid all exposure to temperature extremes, unprotected heights, hazardous machinery, and concentrated pulmonary irritants. He can understand, remember, and carry out simple job instructions and has the judgment to make simple work-related decisions. He can adapt to occasional changes in a routine work setting and have occasional interaction with supervisors and co-workers but not the public. He can perform jobs [that] entail a specific production rate.

(*Id.* at 16.) Additionally at step four, the ALJ found that Claimant was unable to perform any of his past relevant work as a kitchen helper, dumper, and steam box operator. (*Id.* at 20.) Fifth, and finally, considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could perform. (*Id.* at 21.) The ALJ concluded that Claimant was not under a disability from February 9, 2021, through the date of his decision. (*Id.* at 22.)

Claimant subsequently requested an appeal to the Appeals Council, which denied his request for review on December 6, 2024. (*Id.* at 1-7, 209-10, 300-02.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2025); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Pursuant to 20 C.F.R. § 422.210(c), Claimant is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Claimant requested and was granted an extension of time to file a civil action through May 26, 2025. (R. at 28-30, 40-41.) Accordingly, Claimant timely filed this action on April 28, 2025. (DN 1.)

## II. DISCUSSION

The Social Security Act authorizes payments of DIB to persons with disabilities. *See* 42 U.S.C. §§ 401-434. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a) (2025).

### A. Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have

supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B. Five-Step Sequential Evaluation Process for Evaluating Disability

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating whether an individual is disabled. 20 C.F.R. § 404.1520 (2025). In summary, the evaluation process proceeds as follows:

(1) Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[2] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4) Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5) Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

---

[2] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509 (2025).

20 C.F.R. § 404.1520(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec*., 203 F.3d 388, 392 (6th Cir. 1999).

**C. Claimant's Contentions**

Claimant made three arguments in his brief: (1) the ALJ impermissibly played doctor and substituted his own medical judgment for that of a physician; (2) the ALJ erred in failing to develop the record and order a physical consultative examination; and (3) the ALJ erred in failing to develop the record and order a mental consultative examination. (DNs 18, 19.) While framed as individual arguments, all of Claimant's contentions of error really fall under the same heading: the ALJ's RFC determination was not supported by substantial evidence because it was based on the ALJ's own lay opinion of raw medical data given that there was no opinion evidence in the record. (*See* DN 18, at PageID # 3476 ("The substantial evidence standard requires that the ALJ's decision be supported by relevant evidence that a reasonable mind might accept as adequate to support the conclusion. When an ALJ makes medical findings without the support of medical evidence or opinion, the decision fails to meet this standard and must be reversed.").) Both the applicable regulations and case law recognize that the ALJ has a duty to develop the record. 20 C.F.R. §§ 404.1512(b), 404.1545(a)(3) (2025); *see also Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). If after reviewing the evidence of record, the ALJ finds it to be insufficient or inconsistent, the ALJ may "determine the best way to resolve the inconsistency or

insufficiency." 20 C.F.R. § 404.1520b(b)(2) (2025). An ALJ is not bound to resolve the inconsistency or insufficiency in a particular manner, but he may take additional steps to do so, including ordering a consultative examination. 20 C.F.R. § 404.1520b(b)(2)(iii); *see Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). While the ALJ has discretion in resolving discrepancies, substantial evidence in the record must support his or her RFC finding. *See, e.g.*, *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 911 (N.D. Ohio 2008) (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007)).

While not cited by Claimant, the Court finds determinative in this case the so-called "*Deskin* rule." In *Deskin v. Commissioner of Social Security*, the United States District Court for the Northern District of Ohio held that an ALJ may make a "commonsense judgment about functional capacity even without a physician's assessment" but only when "the medical evidence shows relatively little physical impairment." *Id*. at 912 (quoting *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)). However, when "making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms." *Id.; see also Branscum v. Berryhill*, No. 6:17-CV-345-HAI, 2019 WL 475013, at *11-12 (E.D. Ky. Feb. 6, 2019) (citing *McGranahan v. Colvin*, No. 0:14-CV-83-JMH, 2015 WL 5828098, at *3 (E.D. Ky. Oct. 1, 2015)). The court in *Deskin* articulated the following rule:

> [W]here the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing.

*Deskin*, 605 F. Supp. 2d at 912.

Significant case law in the Sixth Circuit supports the principle that when the evidence of impairment is more than minimal, an independent determination of functional limitations by the

ALJ is not supported by substantial evidence and a medical opinion is required. *See Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 828-29 (E.D. Mich. 2017) (collecting cases); *but see Reidenbach v. Comm'r of Soc. Sec.*, No. 5:21-cv-1880, 2022 WL 3043060, at *8 (N.D. Ohio Aug. 2, 2022) ("[T]he Sixth Circuit has not commented on Deskin or its progeny."). However, the "*Deskin* rule" narrowly applies in only two situations: "(1) where an ALJ made an RFC determination based on no medical source opinion; or (2) where an ALJ made an RFC determination based on an outdated source opinion that did not include consideration of a critical body of objective medical evidence." *Branscum*, 2019 WL 475013, at *11 (quoting *Raber v. Comm'r of Soc. Sec.*, No. 4:12-CV-97, 2013 WL 1284312, at *15 (N.D. Ohio Mar. 27, 2013)); *see also Kizys v. Comm'r of Soc. Sec.*, No. 3:10-CV-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011).

The *Deskin* rule applies here because the ALJ made an RFC determination based on no medical source opinion whatsoever. In his RFC determination, the ALJ noted that the state agency medical consultants "opined there was insufficient evidence to determine and evaluate the presence of a severe physical impairment" and the state agency psychological consultants "opined there was insufficient evidence to determine and evaluate the presence of a severe psychological impairment." (R. at 19.) As such, none of these consultants evaluated Claimant's physical or mental RFC. (*Id.* at 105-110, 112-16.) Despite this absence of evidence, the ALJ went on to find Claimant capable of light work with certain exertional and non-exertional limitations based on his own survey of the medical evidence of record. (*Id.* at 16-20.) As to his decision not to order a consultative examination, the ALJ wrote:

> The claimant, through his representative, requested the undersigned consider[ ] ordering consultative examinations. (Ex. 13E). The undersigned has considered this request but is not persuaded any evaluations would yield inherently valuable information not already contained in the record. There is evidence that many of the

> claimant's reported symptoms were based on lack of treatment and failure to follow medical advice while abusing substances. With prolonged abstinence and therapy he is receiving after being discharged from jail, it is hoped that his condition will continue to improve. While he may not be able to return to hard manual labor, the records support his ability to perform a reduced exertional capacity. As more fully described below, there are other jobs that are available that he could perform and become independent.

(*Id.* at 19-20.) Claimant argued that the ALJ's reference to "hope" was inappropriate because no medical provider in the record made a statement regarding any likely improvement with continued abstinence. While the Court finds the statement's lack of support in the medical records troubling, even more troubling to the Court is that despite finding significant severe impairments, the ALJ's RFC appears to be based on nothing more than his own assessment of a significant amount of medical evidence and the ALJ's own assumptions about what treatment and following medical advice would have done for Claimant's conditions. These types of conclusions fall outside the typical province of an ALJ.

The Commissioner argued in response that "the regulations do not require a medical opinion to match the RFC," citing case law that an ALJ's opinion does not have to correspond to medical opinion in order to be supported by substantial evidence. (DN 22, at PageID # 3512-14 (citing *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019); *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013); *Shepard v. Comm'r of Soc Sec*., 705 F. App'x 435, 442-43 (6th Cir. 2017); *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018)).) But the cases relied on by the Commissioner are distinguishable from the case at bar as they address instances where the ALJ reviewed but rejected some opinion evidence in the record in forming his or her RFC rather than the absence of medical opinion evidence altogether. *See Tucker*, 775 F. App'x at 226 (addressing weight ALJ gave to consultative examiner's opinion); *Rudd*, 531 F. App'x at 728 (rejecting argument that ALJ's RFC determination was infirm because

"no physician opined that Rudd was able to perform the standing and walking requirements of light work" but there were multiple opinions in the record); *Shepard*, 705 F App'x at 438 (noting that the ALJ's RFC "was based on the ALJ's review of the medical reports, testimony, and opinion evidence in the record"). Thus, the Court finds these authorities non-dispositive of the current case. The Commissioner is correct that it is ultimately the province of the ALJ to determine a Claimant's RFC, and an ALJ's RFC does not need to correspond to a particular opinion. *See Mokbel-Aljahmi*, 732 F. App'x at 401; *Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 640 (6th Cir. 2016). However, consistent with *Deskin*, the ALJ erred here by forming an RFC without obtaining *any* medical opinion evidence for his consideration. The ALJ found Claimant to have several severe mental and physical impairments that limited his ability to perform basic work activities including his diabetes, degenerative arthritis of cervical spine, atrial fibrillation, status post right shoulder arthroscopy, status post right leg fracture with fusion, chronic obstructive pulmonary disease, and substance abuse in early remission. (R. at 13.) The ALJ made his own medical conclusions about what abstinence, compliance with treatment, and following medical advice would have done to those impairments. Given the number and severity of impairments and the lack of evidence supporting improvement, the effect of abstinence, and/or the effect of treatment, the ALJ should have further developed the record by "recontact[ing] the treating source, order[ing] a consultative examination, [ ] hav[ing] a medical expert testify at the hearing," or by some other appropriate method before formulating an RFC. *Deskin*, 605 F. Supp. 2d at 912.

For these reasons, the ALJ's RFC determination is not supported by substantial evidence in the record, and this Court will reverse and remand this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings.

## III. CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that the final decision of the Commissioner is **REVERSED** and that this matter is **REMANDED**, pursuant to sentence four of 42 § U.S.C. 405(g), to the Commissioner to conduct additional proceedings to remedy the above-identified defects in the original proceedings.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of Record

September 24, 2026